U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

2022 SEP 27 PM 2: 05

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| JANINE D. STURGEON<br>Plaintiff | )<br>)<br>) CIVIL ACTION |
| v. | )<br>) Case No. 2:22-cv-180 |
| CIGNA CORPORATION<br>Defendant | )<br>) |

## COMPLAINT

Plaintiff, Janine D. Sturgeon (hereafter "Ms. Sturgeon"), by and through his attorney, Arthur P. Anderson, Esq, hereby complains against Defendant Cigna Corporation (hereafter "Cigna") as follows:

## PARTIES

1. Plaintiff, Janine D. Sturgeon, is a resident of the District of Vermont, residing in the town of Bradford, county of Orange, state of Vermont.

2. Defendant Cigna is an insurance company doing business in the state of Vermont and issued a short-term disability policy (STD), a long term disability policy (LTD), as well as other employee benefits such as aid premiums on a life insurance policy, to Syneos Health LLC (hereafter "Syneos") which covered Syneos") employees, under subsidiary Life Insurance Company of North America .

3. Ms. Sturgeon was an employee of Syneos and was a qualified beneficiary of the policy issued by Cigna, as a Class 3 employee under the policy.

4. Under Cigna's policy Ms. Sturgeon would be entitled to monthly LTD disability benefits and a waiver of premium on Cigna's group life insurance plan if she became disabled under Cigna's definition of disability.

1

5. Cigna's definition of disability is as follows

The employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

    1. unable to perform the material duties of his or her Regular Occupation; and
    2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation. (own occupation period)

After Disability Benefits have been payable for 24 months, the Employee is considered disabled if, solely due to Injury or Sickness, he or she is:

    1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified base on education, training, or experience; and
    2. unable to earn 60% or more of his or her indexed Earnings. (any occupation period)

## JURISDICTION

6. Jurisdiction is based upon the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et seq.*

## STANDARD OF REVIEW

7. This matter should be reviewed *de novo*.

## COUNT ONE

8. Ms. Sturgeon was employed at Syneos as Laboratory Supervisor.

9. Ms. Sturgeon began work at Syneos on June 26, 2017 and last worked therapy on May 21, 2018.

10. Ms. Sturgeon was 56 years of age when she stopped working.

11. Ms. Sturgeon stopped working on May 21, 2018 due to back and leg pain which first developed in April 2018 as back pain radiating down the back of her left leg.

12. Ms. Sturgeon was treated by Dr. Young-Xu for her low back pain and Dr. Young-Xu continued to see and treat Ms. Sturgeon on a regular (monthly) basis throughout the physical examination.

13. Ms. Sturgeon's low back radiating pain did not improve with conservative treatment such as medications of gabapentin (600mg 3 times a day) and Dilaudid, physical therapy, and steroid injections.

14. In July 2018, Ms. Sturgeon told Dr. Young-Xu that with the current doses of gabapentin she felt less mentally sharp and uncoordinated, that she could not think clearly enough to work, and she could not 'do' buttons on her shirt.

15. An MRIs taken in June 2018 and again in September 2018 showed a severe foraminal stenosis on the left at L5-S1 due to a foraminal and far lateral disc herniation, a condition severe enough to warrant laminectomy surgery and fusion in the L5-S1 area of the low back.

16. The surgery was performed on September 19, 2018 by Dr. Adam Pearson, an orthopedic surgeon.

17. Ms. Sturgeon experienced relief from the left leg pain but she continued to experience back pain in the lumbar area with radiculopathy.

18. Ms. Sturgeon filed a claim for STD benefits with Cigna which was approved on May 23, 2018, with a date of disability as of May 21, 2018.

19. The LTD Policy has an elimination period of 90 days which means that no LTD benefits will be paid for the first 90 days of disability.

20. The STD policy pays disability benefits for much of the elimination period.

21	Cigna found that Ms. Sturgeon was disabled under the Own Occupation definition of disability beginning on November 19, 2018.

22.	Ms. Sturgeon continued to experience pain and continued to experience cognitive side effects from gabapentin.

23.	Ms. Sturgeon reported the adverse side effects of gabapentin to Dr. Young-Xu on a regular basis.

24.	Ms. Sturgeon report continued low back, which limited her ability to do prolonged sitting, standing, and walking to Dr. Young-Xu on a regular basis.

25.	In March 2019, Dr. Young-Xu completed an Attending Physician Statement for Cigna in which Dr. Young-Xu told Cigna that Ms. Sturgeon diagnoses were back pain, lumbar with radiculopathy and cognitive due to medications reducing focus, and that Ms. Sturgeon's ongoing pain limited mobility in terms of prolonged walking, standing, sitting, and lifting.

26.	Thereafter, Dr. Young-Xu completed numerous Attending Physician Statements at Cigna's request, all of which opined that Ms. Sturgeon's back pain limited her ability to do prolonged sitting and that Ms. Sturgeon had cognitive impairments as a result of side effects from gabapentin.

27.	The Social Security Administration found that Ms. Sturgeon was disabled as of May 21, 2018.

28.	Cigna requested and received a copy of Ms. Sturgeon's Social Security disability file.

29.	Ms. Sturgeon's Social Security disability file included a review by Dr. Joseph Patalano Ph.D, a psychologist and an expert in Social Security disability

evaluations, in which Dr. Patalano opined, *inter alia*, that Ms. Sturgeon was limited from high demand tasks and that she had some reduced cognitive efficiency with stress. Dr. Patalano also opined that Ms. Sturgeon was moderately limited in her ability to concentrate, persist, or maintain pace.

30. Neither Cigna nor Cigna's reviewing consultant mentioned or considered Dr. Patalano's opinions.

32. Cigna found that Ms. Sturgeon was not disabled for the any occupation period as of November 18, 2020.

33. Ms. Sturgeon did not feel comfortable driving, and did not drive on a regular basis, due to the side effects of her medications.

34. Ms. Sturgeon tried to decrease the dosage of gabapentin but that resulted in an increase of numbness and tingling in her left leg.

35. Dr. Young-Xu opined that gabapentin causes cognitive deficits in some people consistent with Ms. Sturgeon's description.

36. Cigna never informed Ms. Sturgeon that she needed to provide cognitive testing or other additional material or information to perfect Ms. Sturgeon's disability claim.

37. Cigna's Policy does not require objective testing to support a disability claim.

38. In August 2021, Dr. Young-Xu opined that Ms. Sturgeon had chronic back pain since her surgery which was exacerbated by prolonged sitting, that Ms. Sturgeon could not tolerate prolonged sitting due to back pain, and that she would need frequent position changes and breaks due to pain.

39. One of Cigna's reviewing consultants, Dr. Rea opined that Ms. Sturgeon would need to change position as needed from a sitting position.

40. Cigna's Policy provides

> [Cigna], at its expense, will have the right to examine any person for whom a claim is pending as often as it may reasonably require.

41. Cigna failed to have Ms. Sturgeon's physical condition or her cognitive abilities examined.

42. Dr. Young-Xu opined that Ms. Sturgeon would be off-task more than 20% of the work day and that she would need more than ordinary rest breaks.

43. Cigna found, based on a consultant's physical review, that Ms. Sturgeon demonstrates clinical abnormalities and that she identified restrictions and limitations for the time period of November 18, 2020 and continuing, but "that the total loss of work functionality was not supported".

44. Cigna's Policy does not require that Ms. Sturgeon show" the total loss of work functionality".

45. Ms. Sturgeon is not able to perform any occupation considering her residual functional capacity and her education, training, or experience which earns 60% or more of his or her indexed Earnings.

46. The position that Cigna identified as showing that there is an occupation that Ms. Sturgeon could perform which satisfied the criteria of the definition of disabled requires that Ms. Sturgeon "will oversee empirical projects at the forefront of labor, urban and public economies" and study "inequalities in the criminal system."

47. The position that Cigna identified as showing that there is an occupation that Ms. Sturgeon could perform which satisfied the criteria of the definition of disabled

requires that Ms. Sturgeon have a Bachelor's degree in Economics, Public Policy, or other field requiring substantial quantitative coursework.

48.     Ms. Sturgeon does not have "a Bachelor's degree in Economics, Public Policy, or other field requiring substantial quantitative coursework."

49.     Ms. Sturgeon has met her burden of showing that she is disabled from any occupation by any applicable review standard

50.     Cigna's finding that Ms. Sturgeon is not disabled for the any occupation period is not supported by substantial evidence.

51.     Cigna failed to credit the opinions of Ms. Sturgeon's treating physician.

52.     Cigna failed to provide any reasons for its failure to credit the opinions of Ms. Sturgeon's treating physician.

53.     Dr. Young-Xu's opinions regarding Ms. Sturgeon's functioning abilities are well-supported and consistent with other medical evidence.

54.     Cigna failed to inform Ms. Sturgeon regarding required cognitive testing or other additional material or information to perfect Ms. Sturgeon's disability claim, it failed to so notify Ms. Sturgeon.

55.     Cigna failed to comply with ERISA regulations.

56.     Cigna's denial of LTD benefits was arbitrary and capricious.

57.      Cigna failed to provide Plaintiff with a full and fair review of her LTD claim.

58.     Cigna committed numerous errors in its handling of Ms. Sturgeon's LTD claim.

59.     Cigna both determined eligibility for LTD benefits and paid those benefits from its funds and, as such, had an inherent conflict of interest.

60. Ms. Sturgeon is entitled to payment of past due LTD benefits, continuing LTD benefits payments, and reinstatement of waiver of premium on the group life insurance policy.

61. Ms. Sturgeon exhausted all of her administrative remedies.

WHEREFORE, Ms. Sturgeon demands relief from Defendant The Prudential as follows:

a. a determination that Ms. Sturgeon is disabled within the meaning of the policy and is entitled to LTD benefits, including monthly benefits and waiver of premium on the group life insurance policy, and

b. Payment of all LTD benefits withheld, and

c. Continued payment of LTD benefits, and

d. Continued waiver of premium on the group life insurance policy, and

e. Interest on all long term disability benefits withheld by Cigna at the statutory rate;

f. Attorney's fees and costs and expenses of litigation.

g. Any other relief to which Ms. Sturgeon may be entitled.

Dated in the District of Vermont, this 27th day of September, 2022

JANINE D. STURGEON

By  Arthur P. Anderson, Esq
Anderson Lamb & Associates  PC
255 S. Champlain St
P.O. Box 1624
Burlington, VT 05402-1624